UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONIE'L DON ANTOINE                                        CIVIL ACTION

VERSUS                                                      NO. 16-15781

SHERIFF JERRY J. LARPENTER, ET AL                          SECTION "A" (4)

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.      Factual and Procedural Background

The plaintiff, Ronie'l Don Antoine ("Antoine"), is an inmate housed at the Terrebonne Parish Criminal Justice Complex at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Antoine filed this complaint against Sheriff Jerry Larpenter and Warden Claude Triche. R. Doc. 1.

Antoine has filed this complaint alleging that the food at Terrebonne Parish Criminal Justice Complex is being served through an unclean hatch hole. R. Doc. 1, p. 5. He states that the food has been served through an unclean hatch hole since his arrest on March 6, 2016. *Id.* He further alleges that old food has been falling onto the food being served from the unclean hatch hole. *Id.* Antoine says that this has caused him to be sick. As a result, Antoine has filed this suit against Sherriff Larpenter and Warden Triche for the unclean hatch holes because they are responsible for the facility and the inmates' well-being. Anotine seeks to be paid $100,000 in damages, to have his criminal charges dropped, and to have the inmates served through clean hatch holes. *Id.*

## II.     Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Improper Defendants

Antoine has named Sheriff Lapetner and Warden Triche as defendants, seeking to hold them liable in their supervisory roles in the facility. However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts

2

causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Antoine has not alleged that Sheriff Larpenter nor Warden Triche were personally involved in not properly cleaning the hatch hole. The only alleged connection Warden Triche has with the case is that he reviewed Antoine's second step grievance and informed Antoine that it was prison policy to serve food through the hatch holes and that the hatch holes were cleaned daily. Without some personal action or connection which would render Sheriff Larpenter or Warden Triche liable under § 1983, Antoine's claims against Sheriff Larpenter and Warden Triche as a supervisory official are frivolous and otherwise fail to state a claim for which relief can be granted.

Antoine also has not alleged that he has suffered any constitutional injury directly resulting from any order, training, or other policy implemented by Sheriff Larpenter or Warden Triche which would create liability under § 1983. *See* Johnson *v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

**IV.    Unsanitary Service area**

Nevertheless, even if Antoine could state a basis for liability against Sheriff Larpenter or Warden Triche, his conditions of confinement claims are still frivolous. Antoine complains that his food is being served through a hatch hole, which causes food to get stuck on the hatch hole and fall onto the prisoner's plates.

The Constitution mandates that detainees and inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell,* 801 F.2d 765, 770 (quoting *Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted); *see also Eason,* 73 F.3d at 1327 ("To comply with the Constitution, inmates must receive 'reasonably adequate' food.").

Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens,* 777 F.2d 1250, 1255 (7th Cir .1985), *cert. denied sub nom, Owens v. French,* 479 U.S. 817 (1986).

A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas Cnty.,* 16 F.3d 954, 958 (8th Cir.1994); *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir.1992); *Robinson v. Ill.State Corr. Ctr.,* 890 F.Supp. 715, 720 (N.D.Ill.1995). "[E]ven unsanitary conditions may not constitute constitutional deprivations if a good faith effort has been made to maintain a clean area." *Pickett v. Aramark*, No. 08-296, 2010 WL 146866, at *2 (N.D. Fla. Jan 8, 2010) (citing *Kennibrew v. Russell,* 578 F.Supp. 164 (E.D.Tenn.1983)). "Furthermore, without some showing of physical injury resulting from the food service practices or potential contamination of the food, [a plaintiff] has no basis for bringing a suit under § 1983." *Walton v. Topps*, No. 12-0931, 2012 WL 3947529, at *10 (E.D. La. July 23, 2012) (citing *Jackson v. Taylor,* No. 05–823, 2008 WL 4471439, at *5 (D.Del. Sep. 26, 2008)).

Here, Antoine has not alleged that he has been denied adequate nutrition or that his dietary needs have not been met. He has solely alleged a minor sanitation problem in connection with the hatch hole through which food is served. His claims do not rise to the level of a constitutional violation. Moreover, the grievance reports cited by and provided by Antoine demonstrate that a good faith effort was made to clean the hatch hole by the daily cleaning crew. Finally, Antoine has also not alleged a physical injury arising from the conditions besides a generalized "sick," and therefore has failed to state a constitutional claim. *Tatten v. Gusman*, No. 11-1448, 2012 WL 2190781, at *6 (E.D. La. May 22, 2012) (dismissing claims where injury was "non-specific stomach discomfort which [attributed] to the cleanliness of the food service utensils"). As such, Antoine's claims can be dismissed with prejudice as frivolous and/or for failure to state a claim for which relief can be granted

pursuant to § 1915(e), § 1915A, and § 1997e. *See Walton,* 2012 WL 3947529, at *10; *Tatten*, 2012 WL 2190781, at *6; *Groves v. Gusman*, No. 09-7431, 2011 WL 1459775, at *4 (E.D. La. Mar. 4, 2011).

## V.     Recommendation

It is therefore **RECOMMENDED** that Ronie'l Don Antoine's § 1983 claims against Sheriff Jerry J. Larpenter and Warden Claude Triche be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 10th day of November, 2016.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.